2015-2088

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

APPLE INC., a California corporation,

Plaintiff-Appellee,

v.

SAMSUNG ELECTRONICS CO., LTD., a Korean corporation, SAMSUNG ELECTRONICS AMERICA, INC., a New York corporation, SAMSUNG TELECOMMUNICATIONS AMERICA, LLC, a Delaware limited liability company,

Defendants-Appellants.

Appeal from the United States District Court for the Northern District of California in case no. 11-CV-01846-LHK, Judge Lucy H. Koh

## SAMSUNG'S EMERGENCY MOTION PURSUANT TO FED. R. APP. P. 8 FOR APPROVAL OF SUPERSEDEAS BOND
## [DECISION REQUESTED BY OCTOBER 2, 2015]

Victoria F. Maroulis
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
555 Twin Dolphin Drive, 5th Floor
Redwood Shores, CA 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Kathleen M. Sullivan
William B. Adams
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
kathleensullivan@quinnemanuel.com

Michael T. Zeller
B. Dylan Proctor
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, CA 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

*Attorneys for Defendants-Appellants Samsung*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES .......................................................................... ii

FEDERAL CIRCUIT RULE 8(D) STATEMENT ....................................... 1

INTRODUCTION ........................................................................................ 1

BACKGROUND .......................................................................................... 3

ARGUMENT ................................................................................................ 5

I.     THIS COURT HAS AUTHORITY UNDER RULE 8(a)(2) TO APPROVE SAMSUNG'S PROPOSED SUPERSEDEAS BOND ............... 5

II.    THIS COURT SHOULD APPROVE SAMSUNG'S PROPOSED SUPERSEDEAS BOND ............................................................................ 6

    A.    Samsung Is Entitled To A Stay Of Execution Pending Appeal By Posting Bond .................................................................... 7

    B.    Samsung's Proposed Bond Is More Than Sufficient ........................... 9

    C.    The Mandate Rule Does Not Preclude Approval Of Samsung's Supersedeas Bond .................................................... 10

CONCLUSION ........................................................................................... 13

STATEMENT REGARDING CONSENT ................................................. 13

CERTIFICATE OF INTEREST ................................................................ 14

PROOF OF SERVICE ............................................................................... 17

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

## <u>Cases</u>

*AbbVie Deutschland GmbH & Co. v. Janssen Biotech, Inc.*,
  759 F.3d 1285 (Fed. Cir. 2014) ...........................................................12

*Acevedo-Garcia v. Vera-Monroig*,
  296 F.3d 13 (1st Cir. 2002)...............................................................7, 8

*ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*,
  No. 2011-1538, 2012 WL 10716768 (Fed. Cir. Apr. 2, 2012).......................7, 9

*Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.*,
  87 S. Ct. 1 (1966) ............................................................................7, 8

*Amado v. Microsoft Corp.*,
  517 F.3d 1353 (Fed. Cir. 2008) ..........................................................10

*Apple Inc. v. Samsung Elecs. Co., Ltd.*,
  786 F.3d 983 (Fed. Cir. 2015) .............................................................3

*B&B Hardware, Inc. v. Hargis Indus., Inc.*,
  135 S. Ct. 1293 (2015)......................................................................12

*Bass v. First Pac. Networks, Inc.*,
  219 F.3d 1052 (9th Cir. 2000) ..............................................................7

*Chemlawn Servs. Corp. v. GNC Pumps, Inc.*,
  823 F.2d 515 (Fed. Cir. 1987) .............................................................6

*Cohen v. Metro. Life Ins. Co.*,
  334 F. App'x 375 (2d Cir. 2009) ..........................................................8

*Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*,
  636 F.2d 755 (D.C. Cir. 1980)..............................................................8

*Fresenius USA, Inc. v. Baxter Int'l, Inc.*,
  721 F.3d 1330 (Fed. Cir. 2013) ..........................................................12

*Frommert v. Conkright*,
  639 F. Supp. 2d 305 (W.D.N.Y. 2009)...................................................9

*Haig v. Agee*,
    453 U.S. 280 (1981)............................................................................9

*Hozie v. Vessel Highland Light,*
    No. CV 97-4199, 1998 WL 938587 (C.D. Cal. June 1, 1998) ...........9

*Jalapeno Prop. Mgmt. v. Dukas*,
    265 F.3d 506 (6th Cir. 2001) ..........................................................11

*Jama v. Immigration & Customs Enforcement*,
    543 U.S. 335 (2005).........................................................................9

*King Instrument Corp. v. Otari Corp.*,
    814 F.2d 1560 (Fed. Cir. 1987) .......................................................11

*McCourt v. Singers-Bigger*,
    150 F. 102 (8th Cir. 1906) ............................................................ 8-9

*Retractable Techs., Inc. v. Becton Dickinson & Co.*,
    757 F.3d 1366 (Fed. Cir. 2014) .......................................................10

*TecSec, Inc. v. Int'l Bus. Mach. Corp.*,
    731 F.3d 1336 (Fed. Cir. 2013) .......................................................10

*Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*,
    546 U.S. 394 (2006).........................................................................11

*In re Wymer*,
    5 B.R. 802 (B.A.P. 9th Cir. 1980) .....................................................8

## Statutes & Rules

28 U.S.C. § 2106............................................................................11

35 U.S.C. § 141 ..............................................................................12

Fed. R. App. P. 8(a)(1)......................................................................5

Fed. R. App. P. 8(a)(1)(B) .................................................................5

Fed. R. App. P. 8(a)(2).............................................................1, 2, 5

Fed. R. App. P. 8(a)(2)(A)(ii) ...........................................................5

Fed. R. App. P. 8(a)(2)(D) ........................................................................6

Fed. Cir. R. 8(d) ........................................................................................1

Fed. Cir. R. 27(a)(5) ...............................................................................13

Fed. R. Civ. P. 54(b) ........................................................................3, 4, 11

Fed. R. Civ. P. 62(a)......................................................................1, 2, 5, 6

Fed. R. Civ. P. 62(d) .............................................................2, 5, 6, 7, 8, 9

## <u>FEDERAL CIRCUIT RULE 8(d) STATEMENT</u>

Because the automatic stay of execution of the September 18, 2015 judgment challenged in this appeal expires on October 2, 2015 under Federal Rule of Civil Procedure 62(a), and because the U.S. District Court for the Northern District of California (Koh, J.) has not yet acted on the motion to approve the supersedeas bond filed in that court by Appellants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC (n/k/a Samsung Electronics America, Inc.) (collectively, "Samsung")[1] on September 21, 2015, Samsung respectfully moves for emergency relief in this Court pursuant to Federal Rule of Appellate Procedure 8(a)(2). Given the approaching expiration of the automatic stay and a pending motion by Appellee Apple Inc. ("Apple") to enforce the judgment, such relief is imminently required, and it is not practicable to continue to await a ruling by the district court.

## <u>INTRODUCTION</u>

Under Rule 62(a), the automatic stay of judgment against Samsung entered on September 18, 2015, will expire on October 2, 2015. Samsung will show on merits briefing that that judgment should not have been entered, and now

---

[1] Effective January 1, 2015, Samsung Telecommunications America, LLC ("STA") merged with and into Samsung Electronics America, Inc., and therefore STA no longer exists as a separate corporate entity.

Reuters America, LLC, International Business Machines Corporation, Research In Motion Corporation, and Research In Motion, Ltd. are incorrectly listed on the docket as Defendants-Appellants. They are not parties to this appeal.

1

respectfully seeks emergency approval by this Court under Federal Rule of Appellate Procedure 8(a)(2), of the supersedeas bond that Samsung has posted in the district court. In the alternative, Samsung respectfully requests that the Court grant an interim stay to permit consideration of this motion following full briefing.

On remand from this Court's opinion and judgment dated May 18, 2015, the district court entered (over Samsung's objection) a partial final judgment on September 18, 2015. That judgment purported to award Apple $548,176,477 in damages for infringement of three Apple design and three Apple utility patents by eighteen accused Samsung products. One court day later, on September 21, 2015, Samsung filed a notice of appeal of that judgment and moved for approval of a supersedeas bond to obtain a stay of execution pending appeal. Such a stay of execution of a money judgment is automatic under Rule 62(d) upon posting and approval of an adequate bond. There is no dispute that Samsung's proposed supersedeas bond is sufficient in amount and proper in form, the only issues properly before the district court.

Nevertheless, Apple opposed Samsung's motion for approval of bond below, and the district court has not yet ruled on Samsung's motion. As Rule 62(a)'s 14-day automatic stay of execution is about to expire, Samsung accordingly moves pursuant to Federal Rule of Appellate Procedure 8(a)(2) for approval of the supersedeas bond that Samsung has posted in the district court.

2

## **BACKGROUND**

This Court reversed in part and affirmed in part a previous final judgment in this case after jury trial. *See Apple Inc. v. Samsung Elecs. Co., Ltd.,* 786 F.3d 983 (Fed. Cir. 2015) (Prost, C.J., joined by O'Malley & Chen, JJ.). This Court reversed the judgment against Samsung for trade-dress dilution, but affirmed the judgment against Samsung for design and utility patent infringement, remanding "for immediate entry of final judgment on all damages awards not predicated on Apple's trade dress claims and for any further proceedings necessitated by our decision to vacate the jury's verdicts on the unregistered and registered trade dress claims." *Id*. at 1005.

Because the accused products that had been found to dilute Apple's trade dresses had also been found to infringe Apple's design and utility patents, the district court on remand ordered a new trial on damages for those products (Dkt. 3280 at 9-10), now scheduled for March 28, 2016 (Dkt. 3272 at 2; Dkt. 3289 at 3). Because Apple's claims were pleaded patent-by-patent, and the new trial will involve Apple's claims of damages as to each of the six patents-in-suit, the impending retrial precludes entry of partial final judgment under Federal Rule of Civil Procedure 54(b), which requires resolution of an entire *claim*.

Nevertheless, the district court entered partial final judgment on the damages awards unaffected by the retrial, over Samsung's opposition based on the

claim-based nature of Federal Rule of Civil Procedure 54(b) (Dkt. 3269 at 6-10) and the intervening final decision of the Patent Trial and Appeal Board ("PTAB") invalidating on *ex parte* reexamination Apple's '915 ("pinch zoom") patent,[2] which Samsung argued collaterally estopped Apple from seeking damages at retrial for infringement of the '915 patent (Dkt. 3267).

Following briefing (Dkts. 3276, 3278, 3281), the district court held a case management conference on September 18, 2015, and ruled from the bench that the PTAB's invalidation of the '915 patent did not collaterally estop Apple from continuing to seek damages for infringement of that patent (Ex. D at 19-20) and that entry of partial final judgment was permissible despite Rule 54(b) because this Court's mandate required immediate entry of partial final judgment (*id*. at 20-22, 28-35).   The district court entered its Partial Final Judgment awarding Apple $548,176,477 later that day.  (Ex. C.)

On September 21, 2015, the next business day, Samsung filed in the district court a notice of appeal and a motion for approval of a $600 million supersedeas bond on an expedited briefing schedule.  (Exs. A, B; Dkt. 3294.)  Samsung showed that its proposed bond was sufficient in amount and proper in form and that Samsung was entitled to approval of its bond.  (Dkt. 3294.)  Apple moved to

---

[2]   On September 24, 2015, the PTAB denied Apple's petition for rehearing of that decision (Ex. E), and the invalidation of Apple's '915 patent is thus final in the PTO and subject to further review only by this Court on appeal.

enforce the $548 million judgment the next day, September 22, 2015. (Dkt. 3297.)
On September 24, 2015, Apple opposed Samsung's motion for approval of the
bond, arguing that the mandate rule prohibits approval of Samsung's bond and that
courts have "discretion" to deny approval of even an adequate bond. (Dkt. 3302 at
1-3.) Samsung filed a reply less than a day later (Dkt. 3303), but to date, the
district court has not acted on Samsung's motion for approval of its bond.

## ARGUMENT

## I.  THIS COURT HAS AUTHORITY UNDER RULE 8(a)(2) TO APPROVE SAMSUNG'S PROPOSED SUPERSEDEAS BOND

Because the district court has not yet ruled on Samsung's bond approval
application and Rule 62(a)'s 14-day automatic stay of execution is about to expire,
*see* Fed. R. Civ. P. 62(a) ("no execution may issue on a judgment, nor may
proceedings be taken to enforce it, until 14 days have passed after its entry"),
Samsung properly seeks approval of its proposed supersedeas bond by this Court.

*First,* Federal Rule of Appellate Procedure 8(a)(2) specifically empowers
this Court to grant a motion for "approval of a supersedeas bond." Fed. R. App. P.
8(a)(1)(B), (2). Approval of a supersedeas bond is usually considered by the
district court as an initial matter. *See* Fed. R. Civ. P. 62(d); Fed. R. App. P.
8(a)(1). But where the district court fails to rule on a motion for approval of the
bond, this Court may rule in the first instance. Fed. R. App. P. 8(a)(2)(A)(ii). As
shown above, Samsung moved expeditiously in the district court for approval of its

bond following entry of the district court's judgment, but the district court has not ruled.  Samsung properly may seek relief from this Court in these circumstances.  *See Chemlawn Servs. Corp. v. GNC Pumps, Inc*., 823 F.2d 515, 516-17 (Fed. Cir. 1987) (noting grant of a Rule 8 motion for stay of injunction pending appeal while motion for stay remained pending in district court).

*Second*, given the exigent circumstances, Samsung's motion may be decided by a single judge of this Court.  Federal Rule of Appellate Procedure 8(a)(2)(D) provides that such a motion "normally will be considered by a panel of the court. But in an exceptional case in which time requirements make that procedure impracticable, the motion may be made to and considered by a single judge."  This is such an exceptional case.  Apple has already moved to enforce the judgment, even before the Rule 62(a) automatic stay expired.  (Dkt. 3297.)   Samsung therefore faces the significant risk of enforcement proceedings despite its entitlement to a stay as of right upon posting a supersedeas bond proper in form and amount.

## II.    THIS COURT SHOULD APPROVE SAMSUNG'S PROPOSED SUPERSEDEAS BOND

"If an appeal is taken, the appellant may obtain a stay by supersedeas bond … given upon or after filing the notice of appeal" (except in circumstances irrelevant here).  Fed. R. Civ. P. 62(d).  Upon posting a proper bond, the right to obtain a stay of execution pending appeal is absolute.  *See* Fed. R. Civ. P. 62(d)

("The stay takes effect when the court approves the bond."); *Acevedo-Garcia v. Vera-Monroig*, 296 F.3d 13, 17 (1st Cir. 2002) ("Under Rule 62(d), execution of a money judgment is automatically stayed pending appeal upon the posting of a supersedeas bond."). There is no dispute that Samsung's bond is proper as to form and amount. And this Court's mandate in the prior appeal is not to the contrary.

### A.    Samsung Is Entitled To A Stay Of Execution Pending Appeal By Posting Bond

Under well-established law, a party's entitlement to a stay of execution of a money judgment pending appeal is absolute under Rule 62(d). The only requirement is that an adequate bond be posted. Courts have discretion in considering the sufficiency of a bond, but no discretion to deny a stay of execution pending appeal upon the posting of a sufficient bond.

The Supreme Court long ago explained that an appellant "is entitled to a stay of a money judgment *as a matter of right* if he posts a bond in accordance with Fed. R. Civ. P. 62(d)." *Am. Mfrs. Mut. Ins. Co. v. Am. Broadcasting-Paramount Theatres, Inc.*, 87 S. Ct. 1, 3 (1966) (emphasis added). Following this guidance, both this Court and the Ninth Circuit have ruled the same. *See, e.g., ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.,* No. 2011-1538, 2012 WL 10716768, at *1 (Fed. Cir. Apr. 2, 2012) (unpublished per curiam) ("an appellant may obtain a stay of a judgment 'as a matter of right' by posting a supersedeas bond"); *Bass v. First Pac. Networks, Inc*., 219 F.3d 1052, 1055 (9th Cir. 2000) (a "party taking

appeal from district court [is] entitled to stay of money judgment 'as a matter of right' if bond posted") (citing *Am. Mfrs.*, 87 S. Ct. at 3).  So too have the other courts of appeals.  *See, e.g., Cohen v. Metro. Life Ins. Co.*, 334 F. App'x 375, 378 (2d Cir. 2009) ("Rule 62(d) provides that an appellant may obtain a stay pending appeal, as of right, by posting a supersedeas bond."); *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir. 1980) ("Beyond question, Rule 62(d) entitles the appellant who files a satisfactory supersedeas bond to a stay of money judgment as a matter of right.").

Because an appellant is entitled to a stay of a money judgment as a matter of right by posting a supersedeas bond, district courts have discretion in considering only the sufficiency of the proposed bond, not the right to obtain a stay of execution.  *See, e.g., Acevedo-Garcia*, 296 F.3d at 17 (while "execution of a money judgment is automatically stayed pending appeal upon the posting of a supersedeas bond," the "nature and the amount of the bond is entrusted to the discretion of the trial court"); *In re Wymer*, 5 B.R. 802, 805 (B.A.P. 9th Cir. 1980) (approval of supersedeas bond "does not rest in the sound discretion of court or judge … [a district court's] only function is to determine whether or not the security offered is good and sufficient.  If it is, it is [the court's] duty to take it, and upon … acceptance of it the execution of the judgment or decree is stayed. … [T]he law itself works the supersedeas.") (quoting *McCourt v. Singers-Bigger*, 150

F. 102, 104-05 (8th Cir. 1906)); *Frommert v. Conkright*, 639 F. Supp. 2d 305, 308

(W.D.N.Y. 2009) ("[T]he party posting the bond is entitled to a stay as of right; the

court has no discretion to deny the stay itself, but only to fix the amount of (or to

waive) the bond.").

Despite this weight of authority, Apple argued below (Dkt. 3302 at 4),

without authority,[3] that the district court had discretion to deny Samsung any stay

of execution pending appeal because Rule 62(d) uses the word "may" in providing

that "[i]f an appeal is taken, the appellant may obtain a stay by supersedeas bond,"

Fed. R. Civ. P. 62(d).  That argument is baseless.  The use of the word "may" gives

an *appellant* discretion to *seek* a stay, but does not give district courts discretion to

deny stays of execution pending appeal upon posting of a proper bond.

## B.   Samsung's Proposed Bond Is More Than Sufficient

There is no dispute that Samsung has proposed to post an adequate

supersedeas bond in the amount of $600 million, nearly $52 million *more* than the

amount of the $548 million judgment (and therefore more than adequate to cover

---

[3]   Apple cited three cases as the basis for its argument.  (Dkt. 3302 at 4.) Two have nothing to do with Rule 62(d)—*Jama v. Immigration & Customs Enforcement*, 543 U.S. 335 (2005), interprets the alien removal statute, and *Haig v. Agee*, 453 U.S. 280 (1981), addresses the Passport Act—and the third, *Hozie v. Vessel Highland Light*, No. CV 97-4199, 1998 WL 938587, at *6 (C.D. Cal. June 1, 1998), involved the transfer of possession and title to a boat, not a pure money judgment as here, which changes the applicable rule, *see ActiveVideo Networks*, 2012 WL 10716768, at *1-2 (judgments for "monetary relief" are properly stayed under Rule 62(d)).  To the extent that *Hozie* supports Apple's position that stays of execution of a money judgment pending appeal are discretionary, it is incorrect.

any interest, costs, or fees on appeal).   (Ex. B.)   Apple has never disputed the sufficiency of that bond, nor that the bond is proper in form.

## C.     The Mandate Rule Does Not Preclude Approval Of Samsung's Supersedeas Bond

This Court's decision in the prior appeal furnishes no ground to deny Samsung leave to post its bond and stay execution, for this Court did not speak in any way to Samsung's right to post a bond and stay execution of any partial final judgment pending appeal upon remand.   Only "issues actually decided on appeal … are foreclosed from further consideration" on remand.   *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1360 (Fed. Cir. 2008) (quotation marks and brackets omitted).

Moreover, any issue concerning the scope of this Court's mandate in the prior appeal will be a matter for determination on the merits of this appeal, not a fit subject for determination in the context of a preliminary motion for approval of a bond.   It is well established that challenges to a district court's implementation of the mandate rule are properly the subject of appeal.   *See, e.g.*, *Retractable Techs., Inc. v. Becton Dickinson & Co.*, 757 F.3d 1366, 1369-72 (Fed. Cir. 2014) (addressing district court's conclusion "that mandate rule precluded it from revisiting … damages issue"); *TecSec, Inc. v. Int'l Bus. Mach. Corp.*, 731 F.3d 1336, 1341-43 (Fed. Cir. 2013) (considering appeal challenging district court's interpretation of mandate on remand, as to claim construction).   The district court's

10

application of the mandate rule raises two significant issues of law that this Court

may resolve at the appropriate juncture:

*First,* the district court interpreted this Court's mandate rule as overriding

Federal Rule of Civil Procedure 54(b). There can be no dispute that the

requirements of that Rule are not satisfied here because none of Apple's patent-by-

patent claims has been finally resolved given the impending damages retrial. The

district court nevertheless ruled, based on dicta in *King Instrument Corp. v. Otari

Corp.*, 814 F.2d 1560, 1563 (Fed. Cir. 1987), that entry of partial final judgment

was proper under 28 U.S.C. § 2106, which authorizes courts of appeals to fashion

appropriate relief. But the Supreme Court has subsequently made clear that "the

broad grant of authority to the courts of appeals in § 2106 must be exercised

consistent with the requirements of the Federal Rules of Civil Procedure,"

*Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc*., 546 U.S. 394, 402 n.4 (2006), and

there is an arguable circuit split on this issue, *see Jalapeno Prop. Mgmt. v. Dukas*,

265 F.3d 506, 511-13 (6th Cir. 2001) (criticizing and declining to follow *King

Instrument* dicta).

*Second,* the district court ruled that the mandate rule required it to enter a

judgment for Apple on the '915 patent even though the PTAB recently invalidated

that patent. But the law is clear, to the contrary, that "the district court must apply

intervening legal developments affecting the asserted patent's validity, even if the

11

court of appeals already decided the validity issue the other way." *Fresenius USA, Inc. v. Baxter Int'l, Inc.*, 721 F.3d 1330, 1342 (Fed. Cir. 2013). The PTAB issued its invalidity decision *after* briefing and argument on the prior appeal had already been completed (*see* Dkt. 3267-19), and denied rehearing as to its invalidity decision *after* this Court remanded the case to the district court (Ex. E). This brings the collateral-estoppel effect of the PTAB's final invalidity decision outside the scope of the prior mandate. (Dkt. 3281 at 2-4.) As Samsung will show in its merits briefing, the collateral estoppel effect of that decision requires vacatur of the judgment.[4]

Apple has not disputed that Samsung has a right to challenge the district court's understanding of the mandate rule on appeal. Because Samsung has posted an adequate bond and thus has a right to a stay of execution pending appeal, this Court should approve that bond and save any mandate-rule interpretation issues for future determination.

---

[4] The district court did not consider the Supreme Court's recent instruction that final rulings by administrative agencies are entitled to collateral estoppel effect no less than rulings of district courts, *B&B Hardware, Inc. v. Hargis Indus., Inc.*, 135 S. Ct. 1293, 1302-09 (2015), or this Court's decision in *AbbVie Deutschland GmbH & Co. v. Janssen Biotech, Inc.*, 759 F.3d 1285, 1296-97 (Fed. Cir. 2014), which suggested that a PTAB invalidity decision that (like the PTAB ruling here) is subject only to appeal to this Court under 35 U.S.C. § 141 may well be entitled to immediate collateral estoppel effect in a pending federal court case.

## CONCLUSION

For the foregoing reasons, Samsung respectfully requests that the Court approve Samsung's supersedeas bond no later than October 2, 2015, or, alternatively, enter an interim stay by that date to allow decision on the motion following full briefing.

## STATEMENT REGARDING CONSENT

Pursuant to Federal Circuit Rule 27(a)(5), Samsung confirms that its counsel contacted counsel for Apple regarding this motion. Apple was unable to provide its position prior to this filing.

Dated: September 30, 2015                    Respectfully submitted,


                                             By: /s/ Kathleen M. Sullivan
                                                  Kathleen M. Sullivan
                                                  William B. Adams
Victoria F. Maroulis                              QUINN EMANUEL URQUHART
QUINN EMANUEL URQUHART                              & SULLIVAN, LLP
  & SULLIVAN, LLP                                 51 Madison Avenue, 22nd Floor
555 Twin Dolphin Drive, 5th Floor                 New York, NY 10010
Redwood Shores, CA 94065                          Telephone: (212) 849-7000
Telephone: (650) 801-5000                         Facsimile: (212) 849-7100
Facsimile: (650) 801-5100                         kathleensullivan@quinnemanuel.com

                                                  Michael T. Zeller
                                                  QUINN EMANUEL URQUHART
                                                    & SULLIVAN, LLP
                                                  865 S. Figueroa St., 10th Floor
                                                  Los Angeles, CA 90017
                                                  Telephone: (213) 443-3000
                                                  Facsimile: (213) 443-3100

*Attorneys for Defendants-Appellants*

13

## <u>CERTIFICATE OF INTEREST</u>

Counsel for Defendants-Appellants certifies the following:

**1.    The full name of every party or amicus represented by me is:**

Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.  Effective January 1, 2015, Samsung Telecommunications America, LLC ("STA") merged with and into Samsung Electronics America, Inc., and therefore STA no longer exists as a separate corporate entity.

**2.    The name of the real party in interest (if the party named in the caption is not the real party in interest) represented by me is:**

N/A

**3.    All parent corporations and any publicly held companies that own 10 percent or more of the stock of the party or amicus curiae represented by me are:**

Samsung Electronics America, Inc. ("SEA") is a wholly-owned subsidiary of Samsung Electronics Co., Ltd. ("SEC"), a publicly held corporation organized under the laws of the Republic of Korea.  SEC is not owned by any parent corporation and no other publicly held corporation owns 10% or more of its stock.  No other publicly held corporation owns 10% or more of SEA's stock.

**4.     The names of all law firms and the partners or associates that appeared for the party or amicus now represented by me in the trial court or are expected to appear in this court are:**

Quinn Emanuel Urquhart & Sullivan, LLP:  Anne E. Abramowitz; William B. Adams; Anthony P. Alden; Carl G. Anderson; Brett J. Arnold; Katharine F. Barach; Robert J. Becher; Albert P. Bedecarre; Heather E. Belville; Kara M. Borden; Todd M. Briggs; Margret M. Caruso; Jon C. Cederberg; Melissa N. Chan; Prashanth Chennakesavan, Kenneth R. Chiate; Edward J. DeFranco; Susan R. Estrich; Michael L. Fazio; Ryan S. Goldstein; John S. Gordon; Diane Hutnyan; Kevin P.B. Johnson; Rachel H. Kassabian; Scott B. Kidman; Brian E. Mack; Victoria F. Maroulis; Joseph B. Martin; Joseph Milowic; Melissa Chan O'Sullivan; Thomas D. Pease; John M. Pierce; William C. Price; B. Dylan Proctor; John B. Quinn; Carey R. Ramos; Kevin A. Smith; Christopher E. Stretch; Robert W. Stone; Kathleen M. Sullivan; Bill Trac; Mark Tung; Charles K. Verhoeven; Curran M. Walker; Scott L. Watson; Thomas R. Watson; Alan L. Whitehurst; Robert Wilson; Michael T. Zeller

Colt / Singer / Bea LLP:  Benjamin L. Singer

Crone Hawxhurst LLP:  Daryl M. Crone

DLA Piper US LLP:  Thomas G. Pasternak

<u>Hopenfeld Singer Rice & Saito</u>:  James E. Hopenfeld; Edward H. Rice; Marina N. Saito

<u>Sheppard Mullin Richter & Hampton LLP</u> :  Gary L. Halling; Mona Solouki

<u>Steptoe & Johnson LLP:</u>    John M. Caracappa; Paul A. Gennari; Michael R. Heimbold; Huan-Yi Lin; Kfir B. Levy; Dylan Ruga

Dated:  September 30, 2015                    Respectfully submitted,

By: /s/ Kathleen M. Sullivan_____
Kathleen M. Sullivan
QUINN EMANUEL URQUHART
& SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
Telephone: (212) 849-7000
Facsimile: (212) 849-7100
kathleensullivan@quinnemanuel.com

*Attorney for Defendants-Appellants*

## **PROOF OF SERVICE**

The undersigned hereby certifies that on September 30, 2015, I electronically filed the foregoing EMERGENCY MOTION PURSUANT TO FEDERAL RULE OF APPELLATE PROCEDURE 8 FOR APPROVAL OF SUPERSEDEAS BOND with the Clerk of the Court for the United States Court of Appeals for the Federal Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system. I further certify that I am causing copies of the foregoing to be sent to counsel for Apple at the following email addresses:

William.Lee@wilmerhale.com

Mark.Fleming@wilmerhale.com

Lauren.Fletcher@wilmerhale.com

/s/ Kathleen M. Sullivan_____
Kathleen M. Sullivan